753 F.2d 3
 118 L.R.R.M. (BNA) 2237, 102 Lab.Cas. P 11,321
 INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS, International Association of Machinists
and Aerospace Workers District 100,
Plaintiffs-Appellees,
v.
ALITALIA AIRLINES, Defendant-Appellant.
National Mediation Board, Third Party in Interest-Appellee.
 No. 501, Docket 84-7656.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 17, 1984.
Decided Jan. 14, 1985.
 
 Michael J. DiMattia, New York City (Richard A. Wilsker, Robert L. Cooper, Burns Summit Rovins & Feldesman, New York City, of counsel), for defendant-appellant.
 Carolyn L. Simpson, Asst. U.S. Atty., Southern Dist. of N.Y., New York City (Rudolph W. Giuliani, U.S. Atty., for the Southern Dist. of N.Y., Steven E. Obus, Asst. U.S. Atty., Southern Dist. of N.Y., New York City, of counsel), for third party in interest-appellee.
 Clinton J. Miller, III, Washington, D.C. (Highsaw & Mahoney, Washington, D.C., Joseph P. Manners, General Counsel, International Association of Machinists and Aerospace Workers, Washington, D.C., of counsel), for plaintiffs-appellees.
 James E. Conway, Robert J. Delucia, Airline Industrial Relations Conference, Washington, D.C., for Airline Industrial Relations Conference as amicus curiae.
 Before MESKILL, KEARSE and CARDAMONE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by Alitalia Airlines from an order of the United States District Court for the Southern District of New York, Haight, J., upholding International Association of Machinists and Aerospace Workers' (IAM) certification as the bargaining representative of certain Alitalia Airlines employees and compelling Alitalia to bargain with the IAM.
 
 
 2
 The order of the district court is affirmed for the reasons spelled out in Judge Haight's Memorandum Opinion and Order below, International Association of Machinists and Aerospace Workers v. Alitalia Airlines, 600 F.Supp. 268 (S.D.N.Y.1984).
 
 
 3
 Alitalia makes two arguments on appeal that are not directly addressed in Judge Haight's opinion. We find no merit in either of them. The argument that Alitalia is prohibited from bargaining with the IAM because it lacks majority support, is answered by Section 2, Ninth of the Railway Labor Act itself, 45 U.S.C. Sec. 152, Ninth (1982). Section 2, Ninth states that on receipt of the National Mediation Board's certification, "the carrier shall treat with the representative so certified...." (emphasis added).
 
 
 4
 Alitalia also claims that it should be allowed to withdraw recognition of the IAM because it has a good faith doubt that the IAM has majority support. Finding no precedent under the Railway Labor Act supporting its position, Alitalia relies on cases decided under the National Labor Relations Act. Acceptance of this approach would do violence to the statutory scheme established by Congress. Ruby v. American Airlines, 323 F.2d 248, 255-56 (2d Cir.1963), cert. denied, 376 U.S. 913, 84 S.Ct. 658, 11 L.Ed.2d 611 (1964). We find no merit in Alitalia's claims on appeal.
 
 
 5
 Affirmed.